

IN THE
TENTH COURT OF APPEALS

No. 10-11-00067-CR

RANALDO DERRELL MCGOWAN,

Appellant

v.

THE STATE OF TEXAS,

Appellee

From the 13th District Court
Navarro County, Texas
Trial Court No. 32927-CR

MEMORANDUM OPINION

A jury convicted Appellant Ranaldo Derrell McGowan of murder and aggravated assault and assessed his punishment at ninety-nine years' imprisonment and twenty years' imprisonment, respectively. This appeal ensued. In his sole issue, McGowan contends that the trial court erred in allowing the State to elicit victim-impact evidence during the guilt/innocence phase of trial. We will affirm.

The State called Joyce Carter, the mother of the victim, to testify during the guilt/innocence phase of the trial. She stated that Ty Lott, the victim, was the youngest

of her six children. He was thirty-two years old on the day that he died. He was unmarried but the father of two sons, a fifteen-year-old and a seven-year-old, both of whom realize that their father is no longer alive. The State then asked Carter to briefly describe how Lott's death has affected his two sons, and she began to reply, "[T]he youngest child took it very hard. He saw his father lying down after he was dead. And he was at the house --." At that time, defense counsel asked to approach the bench. During the bench conference, the following exchange took place:

> [Defense counsel]: I don't think there's any relevance to any of that, I mean, that would be punishment type evidence, but the question here is, who did it? What happened? I mean, we're getting into a bunch of emotional stuff here that has nothing to do with the guilt/innocence phase of the trial. I would ask that she be limited -- I just object to relevance of that sort of testimony.

> [Prosecutor]: It's perfectly permissible to get victim impact evidence in at guilt/innocence. I'm not going to elaborate on it more than these few questions.

> THE COURT: All right. I'll overrule the objection. As long as we keep it there.

After the bench conference, Carter went on to testify that Lott's younger son was very affected by his father's death and Lott's older son "took it a little better because he's older." Carter then stated that the loss of her son is something that she thinks about every day, and she has not gotten past it.

Assuming, without deciding, that the trial court erred by admitting Carter's testimony, we conclude that any error was harmless. We must disregard non-constitutional errors that do not affect a criminal defendant's "substantial rights." *See* TEX. R. APP. P. 44.2(b). Under this standard, an error is reversible only when it had a

substantial and injurious effect or influence in determining the jury's verdict. *Taylor v. State*, 268 S.W.3d 571, 592 (Tex. Crim. App. 2008). We should not overturn the conviction if we have fair assurance from an examination of the record as a whole that the error did not influence the jury, or had but slight effect. *Id.* In assessing the likelihood that a jury's decision was adversely affected by the error, we consider the entire record, including any testimony or physical evidence admitted, nature of the evidence supporting the verdict, character of the alleged error, and how it might have been considered in connection with other evidence. *Motilla v. State*, 78 S.W.3d 352, 355 (Tex. Crim. App. 2002). We may also consider jury instructions, the State's theory, any defensive theories, closing argument, voir dire, and whether the State emphasized the error. *Id.* at 355-56.

McGowan argues that he was harmed by Carter's testimony because "[t]here were enough holes in the State's circumstantial case to have established reasonable doubt" when "[j]urors were subjected to the emotional testimony of a grieving mother at the close of the State's case." But we cannot conclude that Carter's testimony, consisting of five pages in a lengthy reporter's record, had a substantial and injurious effect or influence on the jury's verdict.

To even reach the harm analysis, we are assuming that Carter's testimony was inadmissible because, as argued by McGowan, it was irrelevant to any issue in the case. "Irrelevant" means that the testimony did not have any tendency to make the existence of any fact that was of consequence to the determination of the action more probable or less probable than it was without the evidence. *See* TEX. R. EVID. 401. Thus, the

testimony was not evidence of McGowan's guilt. Furthermore, when compared to the substantial evidence pointing to McGowan's guilt, Carter's testimony likely would have been of little consequence to the jury. *See Motilla*, 78 S.W.3d at 357 (presence of overwhelming evidence may be factor in evaluation of harmless error).

In light of the foregoing, we overrule McGowan's sole issue and affirm the trial court's judgment.

REX D. DAVIS
Justice

Before Chief Justice Gray,
  Justice Davis, and
  Justice Scoggins
  (Chief Justice Gray concurring with note)*
Affirmed
Opinion delivered and filed August 23, 2012
Do not publish
[CRPM]

*  (Chief Justice Gray concurs. A separate opinion will not issue.)